**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lionel Garcon; Maria C. Garcon, <br><br> Plaintiffs, <br><br> vs. <br><br> Union Pacific Railroad Company, et al, <br><br> Defendants. | No. CV-10-1006-PHX-GMS <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion to Alter or Amend a Judgment filed under Rule 59(e). (Doc. 96). For the reasons stated below, the motion is denied.

**BACKGROUND**

The background facts of this case may be found in the Court's order of November 2 granting summary judgment to the Defendants. (Doc. 91). Relevant to the current motion, the case was removed from Maricopa County Superior Court on May 10, 2010. (Doc. 1). Plaintiffs then filed a Motion for an Order to Remand, stating that by "specifically and clearly demanding, in paragraph 10 of the Complaint, for Honorable Bethany Hicks, a personality with strong adjacent knowledge of the incident," they had "carefully and sufficiently anchored the matter in Maricopa County Superior Court." (Doc. 10). Upon obtaining an attorney, Plaintiffs promptly stipulated to withdraw the motion, which was withdrawn on May 28, 2010. (Doc. 16). Plaintiffs now contend that the Court had no

1 jurisdiction to rule on Defendants' summary judgment motion because Defendants never filed a response to the remand motion, as they were ordered to do by the Court before the motion was withdrawn. (Doc. 11).

## DISCUSSION

**1. Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted).

**2. Analysis**

Plaintiffs contend that Defendants never responded to their motion to remand, and that the Court ought to have remanded the case to the Maricopa County Superior Court under 28 U.S.C. § 1446(c)(4) (2006). They contend that since Defendants never responded to their motion, the district court had no jurisdiction to rule upon Defendants' motion for summary judgment. (Doc. 96 at 3). The motion to remand was withdrawn, per a stipulation filed by Defendants' attorney on May 27, 2010, and subsequently did not require a response. (Doc. 15). Moreover, even had the motion not been withdrawn, it would have been denied. Plaintiffs have themselves subsequently stipulated that they sought more than $75,000 in this action–in their pre-settlement case synopsis they stated that their counter-offer to Defendants' original offer was $6,000,000, adequate to satisfy the amount in controversy requirement. (Doc. 78 at 5).

When Plaintiffs and Defendants are citizens of different states, as Plaintiffs do not deny, and the amount in controversy exceeds $75,000, the federal courts have subject-matter jurisdiction to hear the controversy. 28 U.S.C. § 1332(a)(1) (2006). Any case in which the district court would have had such original jurisdiction "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing

the place where the action is pending." 28 U.S.C. § 1441(a) (2006). The Court had jurisdiction to rule on Defendants' summary judgment motion.

## CONCLUSION

Defendants did not need to file a response to the motion to remand after that motion was withdrawn. Plaintiffs have acknowledged that they seek in excess of $75,000 and they reside in a different state than Defendants, so the remand motion would have been denied in any event. The case was properly removed to federal court under 28 U.S.C. § 1441(a).

**IT IS THEREFORE ORDERED** that Plaintiffs Motion to Alter or Amend Clerk's Judgment pursuant to Rule 59(e) is **denied** and the action shall remain terminated.

DATED this 18th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge